SCAD-13-0000136

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

vs.

MARJORIE H. MANUIA, Respondent.

---

ORIGINAL PROCEEDING
(ODC 09-13-8736, 11-055-8979,
11-070-8994, 11-071-8995 and 12-046-9062)

ORDER OF SUSPENSION
(By: Recktenwald, C.J., Nakayama, Acoba, McKenna, and Pollack, JJ.)

Upon consideration of the Report and Recommendation of the Disciplinary Board of the Supreme Court of the State of Hawaiʻi, recommending, *inter alia*, that this court suspend Respondent Marjorie Manuia for one year and one day, the stipulated facts, and the evidence in the record, this court reaches the following findings and conclusions based upon clear and convincing evidence; specifically, that:

In ODC No. 09-013-8736, Manuia took no action on her client's divorce proceedings between November, 2007 and August, 2008, in violation of Rule 1.3 of the Hawaiʻi Rules of Professional Conduct (HRPC) and, by failing to provide the client with the promised quarterly statements, Manuia violated HRPC Rule

1.15(f)(3). By transferring to her business account $1,178.40 in client funds to which she knew she had no rightful claim, Manuia violated HRPC Rules 1.15(c) and 1.15(d). By failing to timely respond to the client's telephone calls, Manuia violated HRPC Rule 1.4(a). By failing to provide an accounting and a refund for 113 days from the initial request for both, Manuia violated HRPC Rules 1.15(f)(3) and 1.16(d). By billing the client $375.00 for time spent reviewing his file before returning it to him, she violated HRPC Rule 1.5(a). By failing to maintain the proper financial records regarding client funds and to perform the required account reconciliations, Manuia violated HRPC Rules 1.15(g) (1), (2), (8) and (9).

In ODC No. 11-055-8979, by accepting a $10,000.00 fee, earning $916.21 of the fee, including general excise tax, by December 15, 2010, and allowing the balance on her client trust account to be drawn down to $5,721.83 as of that day, Manuia misappropriated at least $3,361.99 of the client's money, in violation of HRPC Rules 1.15(c) and (d). By failing to timely provide an accounting, Manuia violated HRPC Rule 1.15(f)(3). Manuia violated HRPC Rules 1.15(g)(1), (2), (8), and (9) by failing to maintain the client's financial information in the manner and form required by the Rules and by failing to perform required reconciliations. The remaining violations to which Manuia stipulated in this matter are not supported by clear and

convincing evidence in the record, including the stipulated facts, or are inapplicable to the conduct alleged.

In ODC No. 11-070-8994, by failing to provide the client with an accounting of his funds for 65 days, particularly in light of evidence in the record that she possessed such information shortly after the request was made, Manuia violated HRPC Rule 1.15(f)(3). By failing to maintain required financial records and perform required reconciliations during the time she held the client's money in trust, Manuia violated HRPC Rule 1.15(g)(1), (2), (8) and (9). The remaining violations to which Manuia stipulated in this matter are not supported by clear and convincing evidence in the record, including the stipulated facts, or are inapplicable to the conduct alleged.

In ODC No. 11-071-8995, Manuia, by failing to respond to the client's requests for a final billing, violated HRPC Rule 1.4(a), by failing to provide a final accounting, violated HRPC Rule 1.15(f)(3), and, by failing to maintain the required financial records regarding client funds or to perform the required reconciliations during the relevant time period, violated HRPC Rules 1.15(g)(1), (2), (8), and (9).

In ODC No. 12-046-9062, the record and the stipulated facts in particular, do not support, by clear and convincing evidence, the violations stipulated to by Respondent Manuia in the Settlement Agreement. Manuia's conduct with regard to the

3

declaration did not rise to the level of a violation of HRPC Rule 1.3, particularly in light of the shortcomings in the service of the document upon Manuia, the resulting truncation of time within which to respond, and the lack of harm to the client as a result of Manuia's late filing of her response. Ten days to execute a withdrawal and substitution of counsel, absent evidence in the record of exigent circumstances necessitating immediate withdrawal, does not rise to the level of improper withdrawal in violation of HRPC Rule 1.16(d). Failure to timely provide an accounting to a client constitutes a violation of HRPC Rule 1.15(f)(3), but the record is silent as to when, or if, the client made a request for an accounting. The record is similarly silent as to any failure on Manuia's behalf to communicate with the client, to timely return her telephone calls or otherwise fail to respond to inquiries, necessary to find, by clear and convincing evidence, that Manuia violated HRPC Rule 1.4(a).

In addition, this court finds, by clear and convincing evidence, the following factors in aggravation and mitigation. In aggravation, we find Manuia has received one previous discipline, a 2007 informal admonition for failing to timely provide a client with a copy of a court order and an accounting when requested, in violation of HRPC Rules 1.4(a) and 1.15(f)(3); a pattern of misconduct – a failure to communicate, to timely provide accountings, and to effectively and properly withdraw

4

from representations – between the present matter and the past discipline, and within the present disciplinary proceedings; multiple violations of the HRPC; and substantial experience in the practice of law.  In mitigation, we find an absence of a selfish or dishonest motive, a favorable reputation in the community, including an admirable willingness to represent under-served portions of the community, personal and emotional challenges during part of the relevant period, a cooperative attitude toward ODC and the disciplinary process; and a recognition of the wrongful nature of her conduct.  Therefore, a period of suspension being warranted,

IT IS HEREBY ORDERED that Respondent Manuia is suspended from the practice of law in this jurisdiction for a period of one year and one day, effective 30 days after the date of entry of this order, as provided by Rules 2.3(a)(2) and 2.16(c) of the Rules of the Supreme Court of the State of Hawaiʻi (RSCH).

IT IS FURTHER ORDERED that Respondent Manuia shall complete a course on the management of a law practice, including in its curriculum case-load management, time management, and the appropriate management of client funds, offered by the Practicing Attorneys Liability Management Society, proof of completion of said course being a precondition to the granting of any petition for reinstatement Respondent Manuia may file in the future.

5

IT IS FURTHER ORDERED that, in addition to any other requirements for reinstatement imposed by the Rules of the Supreme Court of the State of Hawai'i, Respondent Manuia shall pay all costs of these proceedings as approved upon the timely submission of a bill of costs, as prescribed by RSCH Rule 2.3(c).

IT IS FURTHER ORDERED that Respondent Manuia shall, within ten days after the effective date of her suspension, file with this court an affidavit that she is in full compliance with RSCH Rule 2.16(d).

DATED:  Honolulu, Hawai'i, May 20, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Simeon R. Acoba, Jr.

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

6